NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-178-KKC

COREY LEWIS COMMODORE                                         PETITIONER

VS:              **MEMORANDUM OPINION AND ORDER**

STEVE HANEY, *Warden*                                           RESPONDENT

Corey Lewis Commodore, a Kentucky Department of Corrections ("KDOC") prisoner, is confined in the Northpoint Training Center which is located in Burgin, Kentucky. Commodore has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, R. 2, and has paid the $5.00 filing fee. R. 5.

Promptly after the filing of a petition for writ of habeas corpus, the Court must review the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979)*; see also* 28 U.S.C. § 2243. The district court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970). For the reasons set forth below, the Court will deny the instant § 2241 petition because Commodore has not alleged facts which would entitle him to relief.

## CLAIMS AND RELIEF SOUGHT

Commodore appears to be challenging the manner in which the KDOC has calculated his prison sentence imposed by the Commonwealth of Kentucky. He specifically seeks an Order directing the KDOC to credit his state prison sentence with 57 months of time he spent serving a federal sentence.

## ALLEGATIONS OF THE PETITION

Because factual allegations set forth in Commodore's § 2241 petition were not presented in chronological order, they were somewhat difficult to follow. The Court has attempted to organize the alleged sequence of events, in chronological order, as set forth below.

In 2005, Commodore was a KDOC inmate confined at the Frankfort Career Development Center ("FCDC") located in Frankfort, Kentucky. R. 2-1, p. 2.[1] On July 7, 2005, Commodore was charged in this Court with possessing and unlawful transportation of firearms, and with transporting a defaced firearm in interstate commerce, in violation of 18 U.S.C. § 922(g)(1) and (k). *See United States v. Commodore*, 5:05-cr-00103-JMH (E. D. Ky.) ("the Criminal Proceeding)." On August 8, 2005, this Court issued a writ of habeas corpus ad prosequendum to mandate Commodore's presence at the August 29, 2005, arraignment in the Criminal Proceeding. *Id.*, R. 8.

Commodore then states that in September of 2005, while confined in the FCDC, the United States Marshals ("USM") Office served him with another writ of *habeas corpus ad prosequendum* issued in the Criminal Proceeding, and he was transported to the Woodford

---

[1]Commodore offers no information about the state sentence he was serving at that time.

2

County Jail and "placed on federal hold." *See* § 2241 Petition, p. 2.

On October 31, 2005, Commodore entered a guilty plea in the Criminal Proceeding. *See U.S. v. Commodore*, R. 18. On February 3, 2006, this Court sentenced Commodore to a 57-month prison term to be served concurrently with each count and consecutive to any prior sentence, with three years of supervised release. *Id*., R. 23.

In the instant § 2241 Petition, Commodore states that after his federal sentencing, the USM transported him to the Federal Transfer Center ("FTC") located in Oklahoma, where he was processed, classified, assigned, and then transported to the Federal Correctional Institution ("FCI")located in Terre Haute, Indiana. *See* R. 2-1, p. 2. Commodore then states that on March 22, 2006, the USM transported him from FCI -Terre Haute back to the FTC-Oklahoma, and then eventually back to the FCDC, where he "has been serving the remainder of a sentence imposed by the Commonwealth of Kentucky, prior to the federal sentence resulting from the Writ of habeas Corpus Ad Prosequendum issued by the United States." *Id*., p. 3.

According to "Inmate Locator" feature of the Bureau of Prisons ("BOP") website, www.bop.gov, Commodore was released from BOP custody over a year ago, on June 2, 2009. Thus, it appears that Commodore has served and completed his federal his sentence imposed in the Criminal Proceeding, and is now serving only his prior state sentence.

Commodore's explanation of his claims, set forth in pages 5-6 of the Petition, is not a a model of clarity.[2] On page two of the instant § 2241 Petition, Commodore complains that

---

[2]Commodore describes the basis of this § 2241 petition, and relief he seeks herein, in the following terms:

Defendant Commodore's due process rights were violated by the agreement, if any, between the United States Government and the Commonwealth of Kentucky, that he was to complete service

3

because he was serving a Kentucky sentence in February of 2006, he should have been returned to custody of the Warden at the FCDC <u>at that time</u> to complete his state sentence, instead of being placed in federal custody to begin serving his federal sentence. R. 2-1, p. 2. This statement indicates that Commodore is challenging the execution of his state sentence, by claiming either that he should have served his prior state sentence first, or, that if he were required to serve the federal sentence first, that the time served thereon (57 months) should have been credited to his prior-imposed state sentence, about which he provides no details or information.

Commodore asserts that he ". . . is entitled to receive credit for time served on his fifty seven (57) month federal sentence under U.S.C. A. § 3568 from the date he was received at the federal institution in Oklahoma for service of his sentence." R. 2-1, p.6. Construing Commodore's § 2241 broadly, and considering that only his state sentence remains to be served,

---

of his state sentence prior to the Federal Government taking custody of him, and the prisoner having been received at a federal penal institution and began service of his federal sentence. Since the defendant's sentencing on the federal charge, he has been officially received into federal custody, not only was he processed and classified, he was assigned to a permanent FCI facility and began serving his federal sentence.

The Commonwealth of Kentucky, the sovereign with prior jurisdiction, waived its right of custody of defendant Commodore. The agreement, if any, between the United States and the Commonwealth of Kentucky when defendant Commodore commenced his federal sentence when he was received by federal institution before completing state sentence, was violated.
. . . .
Defendant Corey L. Commodore respectfully moves this Court to credit him for time served on his federal sentence from the date he was received at the federal institution in Oklahoma in February, 2006 until the present or length of time required to satisfy his fifty seven (57) month federal sentence, because he has been in continuous imprisonment and shuttled between Federal and State custody against his will, and he had already commenced serving the federal sentence by Order and authority of the United States of America, which interrupted the service of the sentence he was serving in the Kentucky Department of Corrections and violates the anti-shuttling clause of the Interstate Agreement on Detainers.

*Id.*, pp. 5-6.

it appears that Commodore is challenging the manner in which his state sentence is being calculated, *i.e.*, that he is not receiving all of the sentence credits to which he is entitled by reason of having served 57 months in federal custody as a result of his conviction in the Criminal Proceeding.

## DISCUSSION

To the extent that Commodore challenges the manner in which his current state sentence is being calculated, and to the extent that he seeks credit on that sentence for prior time served in federal custody, he asserts such claims prematurely. Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54, (6th Cir. 1981). One of the reasons for the exhaustion of administrative remedies requirement is to prepare a record. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980)

As Commodore challenges the execution of a state-imposed sentence, he was required to have complied with the applicable state exhaustion requirement set forth in KRS 454.415. That statute provides as follows:

(1) No action shall be brought by or on behalf of an inmate, with respect to a prison disciplinary proceeding or **challenges to a sentence calculation or challenges to custody credit** or to prison conditions, until administrative remedies as set forth in Department of Corrections policies and procedures are exhausted.

(2) Administrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable.

(3) **The inmate shall attach to any complaint filed documents verifying that administrative remedies have been exhausted**. [Emphases added.]

5

In this § 2241 petition, Commodore seeks 57 months' of credit on his current state sentence. He has failed, however, to demonstrate that he complied with KRS. 454. 415, which is clear and unambiguous: prior to filing an action respecting custody credit, a petitioner is required not only to exhaust the administrative remedies set out in the applicable KDOC policies and procedures, but also to attach to any complaint filed in the circuit court documents verifying that those remedies have in fact been exhausted. *See also Chester v. Haney*, No. 2009-CA-000626, 2010 WL 1728930, at *1 (Ky. App. April 30, 2010) (affirming circuit court's dismissal of prisoner's petition for declaration of rights and demand for credits toward state sentence on the basis that he failed to exhaust his administrative remedies); *Wyatt v. Morgan*, No. 2006-CA-000433, 2006 WL 29654, at *1 (Ky. App. May 9, 2008) (affirming dismissal of prisoner's challenge to custody credits, based upon failure to comply with KRS 454.415); *Ravenscraft v. Kentucky Dep't. Corrections*, No. 2004-CA-001033-MR, 2005 WL 1793761, at *2 (Ky. App. July 29, 2005) (affirming dismissal of prisoner's petition for writ of mandamus directing Kenton Circuit Court to order his two state sentences concurrently for failure to comply with KRS 454.415).

The KDOC Corrections Policies and Procedures ("CPP") §17.4 governs the procedures for state prisoners to follow when they challenge the calculation of their state sentences. Commodore neither attaches documentary evidence of his compliance with KDOC- CPP § 17.4 (and hence KRS 454.415), nor alleges that he complied with the state exhaustion requirement.

This action will be dismissed without prejudice to Commodore fully exhausting his claims in compliance with both the version of KDOC-CPP § 17.4 in effect when his state

sentence was imposed, and KRS 454.415. *See Ravenscraft*, 2005 WL 1793761, at *2 (directing Kentucky prisoner who claimed that his state sentence had been incorrectly calculated to comply with the applicable version of KDOC-CPP § 17.4). In the event Commodore completes this administrative exhaustion process, he may file a new § 2241 proceeding.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Corey Lewis Commodore's 28 U.S.C. § 2241 petition for a writ of habeas corpus, R. 2, is **DENIED.**

(2) This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Steve Haney, Warden of the Northpoint Training Center.

Dated this 18th day of June, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge